UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UCEBIA N. WILSON,<br><br>    Plaintiff,<br><br>v.<br><br>AMSHER COLLECTION SERVICES<br><br>   Defendants. | COURT FILE NO.: _____<br><br><br><br>**COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Ucebia N. Wilson ("Plaintiff"), by and through her attorney, Subhan Tariq, Esq., as and for her Complaint against the Defendant, Amsher Collection Services (hereinafter referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

<u>**JURISDICTION AND VENUE**</u>

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. The Court has jurisdiction over this matter pursuant to <u>28 U.S.C. §1331</u>, as well as <u>15 U.S.C. § 1692</u> et seq. and <u>28 U.S.C. § 2201</u>. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to <u>28 U.S.C. § 1367(a)</u>.

4. Venue is proper in this judicial district pursuant to <u>28 U.S.C. §1391(b)(2)</u>.

## PARTIES

5.  Plaintiff Ucebia N. Wilson is a resident of State of New York, residing at 212 Beach 102nd Street Apt #3, Rockaway Park, NY 11694..

6.  Defendant Amsher Collection Services is an Alabama corporation engaged in the business of collecting debts with its principal place of business located at 600 Beacon Parkway West, Suite #300, Birmingham, AL 35209.

7.  Plaintiff is a "consumer" as defined by the FDCPA, 15 USC § 1692(a)(30).

8.  The Defendant is a "debt collector" as defined and used in the FDCPA under 15 USC § 1692(a)(6).

## FACTUAL ALLEGATIONS

9.  Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1' through "8" herein with the same force and effect as if the same were set forth at length herein.

10. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

11. Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff by reporting his account to credit bureaus.

12. On or about March 26, 2015, Plaintiff along with his agent Cristyn Gomez from Asset Protection & Management Inc called Defendant in order to get information on account #14883100XXXX that is reporting on client's credit report.

13. Plaintiff was connected to a female representative of Defendant who spoke indistinctly.

14. Ms. Gomez asked if Defendant had received the power of attorney. Defendant's agent asked Ms. Gomez to hold while she went to check.

15. Defendant's agent informed Mr. Gomez that Defendant had received the power of attorney.

16. Ms. Gomez states that Plaintiff "Disagrees with the balance – he believes he paid it off."

17. Defendant's agent replies "He disagrees with the balance? When does she think he paid it off?"

18. Ms. Gomez replies, "Last month."

19. Defendant's agent replies "I am looking at the T-Mobile system and he did not pay it off. I am looking at it – the last time he made a payment was August 22, 2014 for $100."

20. Ms. Gomez replies "My client would like to dispute the balance. He said he paid it off."

21. Defendant's agent replied "I can put it in dispute, but I need him to send over his full name, the account number, reason for disputing the account, and how much he is disputing."

22. Ms. Gomez replies "What about over the phone? You cannot take a dispute over the phone?"

23. Defendant's agent replied "No you have to send it in an email."

## FIRST CAUSE OF ACTION

### (Violations of the FDCPA)

24. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "23" herein with the same force and effect as if the same were set forth at length herein.

25. 15 U.S.C. § 1692e(8) prohibits a debt collector from communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

26. Defendant is in violation of 15 U.S.C. §1692e(8) by perpetuating a deceptive and misleading representation of Plaintiff's credit status by listing Plaintiff's account with national credit bureaus and then placing Plaintiff's account with another entity while failing to inform credit bureaus accordingly, and by refusing to properly and rightfully send notice to said bureaus that Plaintiff's account was currently in dispute.

27. 15 U.S.C. § 1692f – preface prohibits a debt collector from using any unfair or unconscionable actions in connection with the collection of a debt.

28. The Defendant violated 15 U.S.C. § 1692f – preface by unfairly and unconscionably refusing to accurately report the status of Plaintiff's account after receiving notification of Plaintiff's dispute, and unfairly allowing agents, the employee with whom Plaintiff conversed on March 26, 2015, to inform Plaintiff erroneously that his dispute could not be acknowledged by Defendant. Defendant thus unfairly subjects consumers to misinformation and reports inaccurate credit information to the detriment of consumer's credit profiles.

29. As a result of Defendant's violations of the FDCPA, the Plaintiff has been

damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

30. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its

Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 U.S.C. § 1692(k)(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A)

C. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(B)

D. For attorneys' fees and costs provided and pursuant to 15 U.S.C. 1692k(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and

disbursements of this action, as this Court may deem just and proper.

Dated:    July 1, 2015

Respectfully submitted,

_____**s/Subhan Tariq**_____
Subhan Tariq, Esq.
Attorney I.D.# ST9597
The Law Offices of Subhan Tariq, Esq., PLLC
216-14 Jamaica Avenue
Queens Village, NY 11428
Telephone: 516-900-4529
Email: Subhan@tariqlaw.com

**Attorney for Plaintiff**

To:    Amsher Collection Services

600 Beacon Parkway West, Suite #300
Birmingham, AL 35209

(*via Prescribed Service*)

Clerk of the Court,
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

(*For Filing Purposes*)